

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**DALLAS IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br>ROBERTS, IAN ANDRE<br>To:<br>Gonzalez, Jackeline<br>▉<br>PASADENA, TX 77506 | A-Number:<br>▉<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>04/24/2025 |

## ORDER OF THE IMMIGRATION JUDGE

Respondent was ordered removed from the United States *in absentia* on 05/22/2024

☑ Respondent ☐ the Department of Homeland Security has now filed a motion to reopen these proceedings.

Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☐ granted ☑ denied for the following reason(s):

☐ Failure to demonstrate that Respondent's failure to appear was the result of exceptional circumstances. *See* INA § 240(b)(5)(C)(i), (e)(1).

☑ Failure to demonstrate that the Respondent did not receive notice under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(C)(ii).

☐ Other:

In general, a motion to reopen must be filed within 90 days of the date of entry of a final order of removal. 8 C.F.R. § 1003.23(b). However, an order entered in absentia pursuant to INA § 240(b)(5) may be rescinded upon a motion to reopen filed at any time if the applicant demonstrates that he or she did not receive notice in accordance with INA §§ 239(a)(1) or (2) of the Act, or the applicant demonstrates that he or she was in Federal or state custody and the failure to appear was through no fault of the applicant. 8 C.F.R. § 1003.23(b)(4)(ii).

Respondent's motion claims that he did not receive the Notice of Hearing (NOH) for the May 22, 2024, hearing, and that he would have attended the hearing had he received it. The Board of Immigration Appeals (Board) has held that when service of a written notice is sent by regular mail, there is a presumption of delivery, but the presumption is weaker than the presumption that applies to documents sent by certified mail. Matter of M-R-A-, 24 I&N Dec. 665, 673 (BIA 2008). In determining whether this presumption is rebutted, "all relevant evidence, both direct and circumstantial, should be considered." Navarrete-Lopez v. Barr, 919 F.3d 951, 954 (5th Cir. 2019) (internal quotations omitted). The Board enumerated an inexhaustible list of seven factors to consider when determining whether a respondent has overcome the presumption of delivery when notice is delivered by regular mail. Matter of M-R-A-, 24


FILED
By: Clerk's Office, Southern District of Iowa
2:56 pm, Oct 01 2025

I&N Dec. at 674. Some of the factors outlined by the Board include: (1) the respondent's affidavit; (2) affidavits from family members or other individuals knowledgeable about the relevant facts about whether notice was received; (3) the respondent's actions once he learned about the in absentia order and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating the respondent's incentive to appear; (5) any prior application for relief filed with the Court or any prima facie evidence in the record indicating that the respondent had an incentive to appear; (6) respondent's previous attendance at Court hearings; and (7) any other circumstances or evidence indicating possible non-receipt of notice. Id. The Court may consider these factors as well as the specific circumstances of each individual case when deciding whether to reopen proceedings. Id.

Other than Respondent's argument in his motion that he did not receive the NOH, Respondent provided no evidence to rebut the slight presumption of delivery. Respondent's address has remained the same since he was placed into removal proceedings. A NOH was served via regular mail to that address on November 19, 2020. Ex. 3. The NOH was not returned to the Court as undeliverable. Respondent failed to provide an affidavit from himself or anyone else stating that the NOH was not received. See INA § 240(c)(7)(B) (stating that a motion to reopen "shall be supported by affidavits or other evidentiary material"); Matter of Ramirez-Sanchez, 17 I&N Dec. 503, 506 (BIA 1980) ("Counsel's arguments are not evidence."). Thus, the Court finds that Respondent did not overcome the presumption of delivery. Accordingly, Respondent's motion will be denied.

Immigration Judge: Thielemann, Christopher 04/24/2025

Appeal: Department of Homeland Security: ☐ waived ☐ reserved
Respondent: ☐ waived ☐ reserved
Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ M ] Noncitizen's atty/rep. | [ M ] DHS
Respondent Name : ROBERTS, IAN ANDRE | A-Number : ███
Riders:
Date: 04/30/2025 By: Pereda, Sonia, Court Staff